```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JAMES J. FINLEY,

                        Plaintiff,

        -against-                                    ORDER
                                                     21-CV-1398 (JMA)
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
----------------------------------------------------------------X
```

For Online Publication Only

FILED
CLERK
4:28 pm, Jun 08, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the in forma pauperis application filed by James J. Finley ("Plaintiff"). For the reasons that follow, the application to proceed in forma pauperis is denied. Plaintiff shall remit the $402.00 filing fee within fourteen (14) days from the date of this Order. Plaintiff is cautioned that his failure to timely comply will lead to the dismissal of his complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. Pinede v. New York City Dep't of Envtl. Prot., No. 12-CV-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may

dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that he has $10,000.00 in cash or in a checking or savings account and receives $300-500/week in "unemployment/pandemic relief." (See ECF No. 2 at ¶¶ 3-4.) Plaintiff reports regular monthly expenses that total $3,500.00 including support he provides for his spouse, two adult children and two grandchildren. (Id. ¶¶ 6-7.) Plaintiff also reports having a $40,000 student loan debt and avers that his house is in foreclosure but that "[w]e are working with the bank to reinstate." (Id. ¶ 8.)

Given Plaintiff's financial position, he has not demonstrated that he cannot afford the $402.00 filing fee. Accordingly, because Plaintiff's application demonstrates that he has sufficient resources to pay the filing fee, Plaintiff does not qualify for in forma pauperis status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency); Grimes v. Sil, No. 19-CV-1066, 2019 WL 981639, *1 (E.D.N.Y. Feb. 27, 2019) (denying in forma pauperis status where application reflected plaintiff had "sufficient resources to pay the $400.00 filing fee" including $3,500 in a checking or savings account); Garland-Sash v. Stutz, No. 05-CV-4207, 2006 WL 8439319, *1 (E.D.N.Y. Aug. 3, 2006) (denying leave to proceed in forma pauperis where a plaintiff reported assets including $3,000 in her checking account). Plaintiff's declaration establishes that he can pay the $400.00 filing fee and still provide himself and his dependents with the necessities of life. Adkins, 335 U.S. at 339.

Accordingly, Plaintiff's motion to proceed in forma pauperis is denied. Plaintiff is directed to pay the $402.00 filing fee within fourteen (14) days of the date of this Order or the

action will be dismissed without prejudice.

Finally, within sixty (60) days of Plaintiff paying the filing fee, the government shall provide Plaintiff with a hard copy of the administrative record.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to Plaintiff.

**SO ORDERED**.

Dated: June 8, 2021
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE